IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIAN ANTHONY LUCAS,            )<br>                    Petitioner,    )<br>                                  )<br>         v.                       )<br>                                  )<br>CRAIG MARAVICH, et al.,           )<br>                    Respondents.  ) | C.A. No. 09-1167 Erie<br><br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

On September 22, 2009, Darian Anthony Lucas, an inmate at the State Correctional Institution in Dallas, Pennsylvania, filed the instant action, which he has designated as a petition for writ of mandamus.[1] [Document No. 3]. It is recommended that the petition be dismissed pre-service.

**II.    REPORT**

In October 1998, Lucas filed an action in this Court under 42 U.S.C. § 1983, in which he claimed various violations of his civil rights. Lucas v. Fetzner, et al., Civil Docket No. 2:98-cv-01800 (W.D. Pa.). After this Court denied his motion for default judgment, Lucas filed an appeal with the United States Court of Appeals for the Third Circuit, which was lodged at Lucas v. Mears, et al., Appellate Docket No. 00-3156 (Feb. 18, 2000). On September 15, 2000, the Third Circuit Court dismissed that interlocutory appeal for lack of jurisdiction because the subject order was not a final, appealable order.

On December 13, 2001, the Honorable Donald J. Ziegler granted summary judgment in favor of the defendants in Lucas's civil rights action at Civil Docket No. 2:98-cv-01800. Lucas filed a notice of appeal in the Third Circuit, which was lodged at Lucas v. Mears, et al., Appellate Docket No. 01-4472 (Dec. 27, 2001). On September 8, 2003, the Third Circuit Court

---

[1] The petition for writ of mandamus is designated on the docket sheet as an amended petition for writ of habeas corpus. Although Lucas used a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, he labeled his petition as one for mandamus and references the mandamus statute therein. [Document No. 3].

1

issued a judgment affirming the district court's decision.  It denied Lucas's subsequent motions for reconsideration, internal relief, and to recall the mandate.  On April 4, 2004, the Third Circuit Court issued an order informing Lucas that his appeal had been conclusively decided and that no further post-decision submissions would be accepted for filing.

In the present action, Lucas complains about the manner in which this Court and the Third Circuit Court disposed of his civil rights case.[2]  He seeks damages in excess of one million dollars.  This action is nothing more than a frivolous attempt to revive his civil rights case, which was disposed of long ago and which cannot be reopened.  Any contention that Lucas makes that his civil rights case was not fully and finally litigated is completely baseless.

It is further noted that this action is at least the second attempt by Lucas to relitigate his long-closed civil rights case.  He filed a substantially similar habeas action at Civil Docket No. 2:09-cv-01052, which this Court has dismissed with prejudice.  Here, the instant mandamus petition is clearly repetitious of his habeas petition, which was equally as frivolous.

Therefore, pursuant to the Court's inherent power to control its own dockets,[3] it is recommended that this petition be dismissed pre-service.

**III.    CONCLUSION**

On the basis of the foregoing, it is recommended that the petition for writ of mandamus [Document No. 3] be dismissed with prejudice.  Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Lucas is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[2] Lucas asserts that that he received no legal ruling in Appellate Docket No. 00-3156, a clear misstatement of what occurred in that appeal.

[3] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991) (court's inherent power is not displaced by statutes);  Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

                                                 S/ Susan Paradise Baxter
                                                 SUSAN PARADISE BAXTER
                                                 UNITED STATES MAGISTRATE JUDGE

Dated: January 22 , 2010